THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAN PHU CUONG INVESTMENT LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KING COUNTY,<br><br>Defendant. | CASE NO. C18-1102-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to extend the discovery deadline (Dkt. No. 26) and Plaintiffs' motion to modify the case scheduling order (Dkt. No. 28). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Plaintiffs' motion and DENIES Defendant's motion for the reasons explained herein.

## I. BACKGROUND

Plaintiffs own land (the "lots") that is intersected by drains, pipes, and easements owned by Defendant. (Dkt. No. 1-3 at 2–3.) Plaintiffs allege that Defendant has negligently and/or deliberately failed to properly maintain the drains and pipes, causing excess water to collect on the lots. (*Id.* at 3.) Plaintiffs allege that the excess water has damaged the lots, in part due to contaminants and sediments in the water, and has hindered "reasonable development" of the lots.

(*Id.*) Plaintiffs claim that Defendant has "effectively appropriated the lots or a portion of the lots for public purposes." (*Id.*) Plaintiffs further allege that Defendant negligently or wrongfully indicated that an adjacent lot is a protected wetland. (*Id.* at 4.) Plaintiffs brought various state and federal claims against Defendant. (*See id.* at 5–10.)

On December 4, 2018, Defendant inspected the site, accompanied by Steven Neugebauer, who had been retained as an expert by Plaintiffs. (Dkt. Nos. 10 at 2, 30 at 3.) In his first declaration, Mr. Neugebauer described a pipe found during the inspection that was unknown to him and possibly unknown to Defendant. (Dkt. No. 10.) After allegedly finding damage to the main line pipe during the inspection, Defendant amended its original answer to include counterclaims against Plaintiffs for negligence and violation of easement. (Dkt. Nos. 23, 30 at 3.)

On June 6, 2019, Defendant deposed Mr. Neugebauer, but stopped the deposition after 15 minutes because Mr. Neugebauer appeared impaired. (Dkt. Nos. 26 at 1, 3; 31 at 9–25.) The parties made several attempts to reschedule the deposition, but could not do so because, according to Plaintiffs' counsel, "Mr. Neugebauer was very sick and could not be deposed until after he saw a doctor and after the discovery deadline." (Dkt. No. 26 at 3.) On June 24, 2019, Plaintiffs' counsel informed Defendant's counsel that Mr. Neugebauer was "medically unable to continue in the case and could not be deposed." (*Id.*)

Defendant requests an extension of the discovery deadline for the limited purpose of allowing it to finish deposing Mr. Neugebauer. (Dkt. No. 26.) Plaintiffs request that the Court modify the case schedule and extend all deadlines to permit Plaintiffs to locate a new expert witness to replace Mr. Neugebauer. (Dkt. No. 28 at 2.)

## II. DISCUSSION

### A. Modification of the Case Schedule

Modification of the case schedule requires good cause and the judge's consent. Fed. R. Civ. P. 16(b)(4); W.D. Wash. Local Civ. R. 16(b)(5). Good cause is determined at the Court's discretion. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). The Court

"primarily considers the diligence of the party seeking amendment," but as a secondary matter, the "existence or degree of prejudice" to the opposing party may provide additional reasons to deny modification. *Id.* at 609. "Carelessness is not compatible with a finding of diligence." *Id.* If a deadline "cannot reasonably be met despite the diligence of the party seeking the extension," there is good cause. *Id.*; *see Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 (9th Cir. 2007).

However, if a party's motion to modify a case schedule is untimely, the Court applies a standard that is narrower than the good cause standard to determine whether it will consider the motion. *See Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004). The Court determines whether the delay in filing the motion was due to "excusable neglect" by weighing: "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay . . . ; and (4) whether the moving party's conduct was in good faith." *Id.*; *see also Amarel v. Connell*, 102 F.3d 1494, 1515–16 (9th Cir. 1996) (applying similar analysis when deciding whether to amend a pretrial order to allow parties to add witnesses); *Hoffman v. Tonnemacher*, 362 F. App'x 839, 840–41 (9th Cir. 2010) (applying *Amarel* analysis to a party's request for modification to substitute a witness).

Plaintiffs' counsel informed Defendant's counsel of Mr. Neugebauer's withdrawal on June 24, 2019, the same day that Mr. Neugebauer informed Plaintiffs' counsel of his withdrawal. (Dkt. No. 28 at 2–3.) On the morning of June 25, 2019, Plaintiffs' counsel contacted potential expert Ed Kilduff, who confirmed on June 26, 2019 that he could provide his expert opinions if given 60 to 90 days to investigate, complete a field study and report, and prepare for a deposition. (*Id.* at 3.) That same day, Plaintiffs filed their motion to modify the case schedule, which includes a proposed modified case schedule. (*See id.*) Since the discovery cutoff was also June 26, 2019, the Court will evaluate whether Plaintiffs' motion was based on excusable neglect. (*Id.* at 1); *see Pincay*, 389 F.3d at 855.

The reason for Plaintiffs' delayed modification request—Mr. Neugebauer's illness and his withdrawal as a witness—is a sufficient reason for amending the case schedule. *See Pincay*,

389 F.3d at 855; *Amarel*, 102 F.3d at 1515–16. Given Plaintiffs' own surprise and quick response to the news of Mr. Neugebauer's withdrawal, the Court finds that Plaintiffs' modification request was made with diligence and in good faith. *See Pincay*, 389 F.3d at 855; *Amarel*, 102 F.3d at 1515–16. The requested modification, although substantial, does not impact these proceedings to a degree that counters Plaintiffs' good cause shown. *See Amarel*, 102 F.3d at 1515–16; *Johnson*, 975 F.2d at 607; *Noyes*, 488 F.3d at 1174. Plaintiffs cannot reasonably meet the current case deadlines without an expert witness. *See Johnson*, 975 F.2d at 607; *Noyes*, 488 F.3d at 1174. Thus, Plaintiffs have shown good cause and their motion meets the requirements of the excusable neglect standard. *See Johnson*, 975 F.2d at 607; *see Pincay*, 389 F.3d at 855.

Defendant moved to extend the discovery deadline because it was concerned that Mr. Neugebauer would file a declaration in opposition to Defendant's dispositive motion before Defendant could depose him. (*See* Dkt. No. 26 at 4–5.) Defendant's concern is now moot, given that Mr. Neugebauer has withdrawn as a witness from the case. Defendant also claims that Plaintiffs' requested schedule modification is prejudicial because of the time and expense required for discovery, depositions, and "re-tool[ing] its defense." (Dkt. No. 30 at 6.) The Court finds that these concerns do not overcome Plaintiffs' good cause shown.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to modify the case scheduling order (Dkt. No. 28) is GRANTED and Defendant's motion to extend the discovery deadline (Dkt. No. 26) is DENIED. The Court hereby ORDERS that the case schedule is modified as follows:

| Discovery Cutoff | January 24, 2020 |
| --- | --- |
| Dispositive Motions Filing Deadline | February 24, 2020 |
| 39.1 Mediation Completion Date | March 9, 2020 |

| Pretrial Order Due Date | May 11, 2020 |
|---|---|
| Trial Brief Submittal Due Date | May 18, 2020 |
| Trial Date | June 1, 2020 |

DATED this 30th day of July 2019.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE