THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAN PHU CUONG INVESTMENT LLC, a Washington Limited Liability Company, and EMILIYA SHUPARSKAYA, a married woman as her separate property,<br><br>               Plaintiffs,<br>     v.<br><br>KING COUNTY, a political subdivision of the State of Washington,<br><br>               Defendant. | CASE NO. C18-1102-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiffs' motion for a continuance pursuant to Federal Rule of Civil Procedure 56(d) (Dkt. No. 56). On July 29, 2019, Defendant moved for summary judgment. (Dkt. No. 40.) On July 30, 2019, the Court denied Defendant's motion for an extension of the discovery deadline and granted Plaintiffs' motion to modify the case schedule in light of the illness and resultant unavailability of Plaintiffs' expert witness. (*See* Dkt. No. 54.) The Court accordingly extended, *inter alia*, the discovery cutoff to January 24, 2020 and the dispositive motions deadline to February 24, 2020. (*Id*. at 4.)

MINUTE ORDER
C18-1102-JCC
PAGE - 1

1   "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot
2   present facts essential to justify its opposition [to a motion for summary judgment], the court
3   may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or
4   declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).
5   "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes
6   to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are
7   essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan
8   Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). If the movant fails to satisfy these elements, the
9   motion may be denied and summary judgment may be granted. *Id*. The court may also deny a
10  Rule 56(d) motion if the movant has failed to diligently pursue discovery. *Cal. Union Ins. Co. v.
11  Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990).

Having reviewed Defendant's motion for summary judgment (Dkt. No. 40), Plaintiffs' motion for a continuance pursuant to Rule 56(d) (Dkt. No. 56), and Plaintiffs' affidavits in support of their motion for a continuance (Dkt. Nos. 57, 58), the Court concludes that it is appropriate to defer consideration of Defendant's motion. Such a continuance will allow Plaintiffs' expert time to complete his review and report and for Plaintiffs to conduct additional discovery. Additionally, Plaintiffs have identified specific facts they hope to elicit from their expert's investigation and additional discovery that are essential to opposing Defendant's motion for summary judgment. (*See* Dkt. Nos. 57 at 4–8, 58 at 1–4); *see also Family Home & Fin. Ctr., Inc.*, 525 F.3d at 827. Further, the Court finds that Plaintiffs have not failed to diligently pursue discovery. *See Cal. Union Ins. Co.*, 914 F.2d at 1278.

For the foregoing reasons, Plaintiffs' motion for a continuance pursuant to Rule 56(d) (Dkt. No. 56) is GRANTED. Plaintiffs' response to Defendant's motion for summary judgment shall be filed no later than September 30, 2019 and shall not exceed 24 pages. Defendant may file a reply to Plaintiffs' response no later than October 4, 2019, which shall not exceed 12 pages. The Clerk is DIRECTED to re-note Defendant's pending motion for summary judgment (Dkt.

No. 40) to Friday, October 4, 2019.

DATED this 16th day of August 2019.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk